**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TCYK, LLC, | ) |
| | ) |
| | ) Case No.: 13-cv-3828 |
| Plaintiff, | ) |
| | ) Judge Ronald A. Guzman |
| v. | ) |
| | ) |
| DOE NO. 1 (a/k/a Diane McGuire), | ) |
| | ) |
| Defendant. | ) |

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, TCYK, LLC, by and through its undersigned counsel, for and as its Amended Complaint against Defendant, Diane McGuire, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). As set forth in greater detail below, this action involves the unauthorized acquisition and transfer by Defendant of Plaintiff's award-winning, mainstream copyrighted motion picture "The Company You Keep" (hereinafter, the "Motion Picture"). The Motion Picture has a 3-star rating, was directed by Robert Redford and stars Robert Redford, Susan Sarandon, Shia LaBeouf, Anna Kendrick, Stanley Tucci, Julie Christie and Nick Nolte, among others. The Motion Picture has played in theaters throughout the country and in this District, and is currently available on DVD for rental or purchase. The Motion Picture debuted at the Venice Film Festival where it received several awards, and the U.S. premiere was on April 1, 2013 in New York City. The Motion Picture has significant value and was created and produced at considerable expense.

2. This Court has jurisdiction under 17 U.S.C. §101 *et seq.;* 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. The transfer and copying of the Motion Picture is accomplished using a network called a "BitTorrent protocol" or "torrent," which is different than the standard Peer-to-Peer ("P2P") protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") and the network, through a series of steps, connect to the seed file to download a movie. As additional peers request the same file, each additional user becomes a part of the network from which the file can be downloaded. Each new file downloader receives a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network intentionally also becomes a source of download for that infringing file.

4. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer who has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is stealing copyrighted material from many Internet Service Providers ("ISPs") in numerous jurisdictions.

5. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of Plaintiff as exclusive rights owner, within Illinois and within this District, reproduced, distributed and offered to distribute over the Internet the copyrighted Motion Picture for which Plaintiff has exclusive rights. Plaintiff has used geolocation technology to trace the Internet Protocol ("IP") address of Defendant to a point of origin within this District. On information and belief, Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

6. In the alternative, this Court has personal jurisdiction under the Illinois long-arm statute, 735 ILCS 5/2-209(a)(2), because Defendant downloaded copyrighted content from or uploaded it to Illinois residents located in this District, thus committing a tortious act within the meaning of the statute.

7. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). On information and belief, Defendant resides in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## **THE PARTIES**

8. Plaintiff is a developer and producer of motion pictures. Plaintiff brings this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted Motion Picture. Defendant's infringement allows her and others unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff has spent considerable sums to create and/or distribute. Each time Defendant unlawfully distributes a free copy of Plaintiff's copyrighted Motion Picture to others over the Internet, each person who copies the Motion Picture then distributes the unlawful copy to others without any significant degradation in sound and picture quality. Thus, Defendant's distribution of even one unlawful copy of a motion picture can result in

the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

9. Plaintiff, TCYK Film, LLC is a corporation of Nevada having a principal place of business at 6360 Deep Dell Place, Los Angeles, California 90068. Plaintiff is engaged in the development and production of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Plaintiff is the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in the Motion Picture that has been unlawfully distributed over the Internet by Defendants.

10. Defendant is known to Plaintiff by name and address, and by the Internet Protocol ("IP") address assigned to her Internet Service Provider and the date and the time at which the infringing activity was observed. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COUNT I
## COPYRIGHT INFRINGEMENT

11. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for the copyrighted Motion Picture, including derivative works. The copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration (Registration No. PAu 3-660-935) issued by the Register of Copyrights on October 17, 2012. (Exhibit A).

12. The copyrighted Motion Picture includes a copyright notice advising the viewer that the Motion Picture is protected by the Copyright Laws.

13. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted Motion Picture. Plaintiff has identified Defendant by the IP address assigned to her ISP and the date and the time at which the infringing activity was observed (Exhibit B). Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

14. On information and belief, Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's copyrighted Motion Picture in digital form with others. In particular, on information and belief, Defendant participated in a collective and interdependent manner with others via the Internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm.

15. By participating in the same swarm, Defendant participated in the same transaction, occurrence or series of transactions or occurrences as others in the swarm. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

16. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

17. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's copyrights.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendant and relief as follows:

1. For entry of permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody or control.

2. For Judgment in favor of Plaintiff against Defendant that she has: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by her acts and conduct set forth in this Complaint.

3. For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at

6

trial.

    4.     For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's Motion Picture which are in Defendant's possession or under their control.

    5.     For Judgment in favor of Plaintiff and against Defendant awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

    6.     For Judgment in favor of Plaintiff against Defendant, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: December 4, 2013

Respectfully submitted,

TCYK, LLC

By:   s/ Michael A. Hierl
       Michael A. Hierl (Bar No. 3128021)
       Todd S. Parkhurst (Bar No. 2145456)
       Hughes Socol Piers Resnick & Dym, Ltd.
       Three First National Plaza
       70 W. Madison Street, Suite 4000
       Chicago, Illinois 60602
       (312) 580-0100 Telephone
       (312) 580-1994 Facsimile
       mhierl@hsplegal.com

       Attorneys for Plaintiff
       TCYK, LLC

## CERTIFICATE OF FILING

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Amended Complaint for Copyright Infringement was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on December 4, 2013.

                                                                                     s/Michael A. Hierl